IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 2:10-cv-1805-DCN |
| Carolina Park Associates, LLC, ) | |
| A Delaware Corporation, ) | |
| ) | **ORDER** |
| Debtor. ) | |
| ) | |
| _____) | |

This matter is before the court on Carolina Park Associates, LLC's (CPA) motion for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. For the reasons set forth below, CPA's motion is denied.

## I. BACKGROUND

This case arises out of the bankruptcy filing by CPA, which is the developer of Carolina Park, a mixed-use real estate development in Mount Pleasant, South Carolina. CPA is comprised of two member entities—Republic-Charleston, LLC (Republic) and MDC of Charleston, LLC (MDC)—with each holding a fifty percent interest. Republic is the managing member of CPA.

The CPA land is encumbered by mortgages held by Palmetto Debt Holding Group LLC (Palmetto Debt) and CDM of Charleston, LLC (CDM).[1] The first note and mortgage on the CPA land is held by Palmetto Debt and the second mortgage is held by CDM. The debt underlying these mortgages is in default, and both Palmetto Debt and CDM have initiated foreclosure proceedings. By a March 24, 2010 consent order, the

---

[1] CDM and MDC share common members.

1

Charleston County Master-in-Equity granted judgments of foreclosure to Palmetto Debt and CDM and scheduled the foreclosure sale to take place on or after May 18, 2010.

CPA's operating agreement requires the joint consent of both Republic and MDC to file for bankruptcy. On May 12, 2010, Steven Grigg, a member of Republic, sent an e-mail to Benedict Marino and John Chalsty, members of MDC, stating that "[i]t is necessary that you *either* grant your consent, *or* at least indicate that you have no objections" to CPA's filing for bankruptcy. E-mail from Steven Grigg (May 12, 2010, 08:48 EST) (emphasis added). MDC responded that it would not oppose CPA's filing for bankruptcy. Republic and MDC then executed a mutual release of claims and covenant not to sue on May 13, 2010, wherein MDC agreed that it would "not object to such filing or otherwise contest the validity of such filing." Mutual Release ¶ 6.

CPA filed for bankruptcy on May 17, 2010. Palmetto Debt filed a motion to dismiss the bankruptcy petition on the basis that CPA did not have the required joint consent of its members. Mr. Marino was subpoenaed to testify at the hearing on the motion, where he testified that MDC had agreed not to object to the bankruptcy filing. On June 17, 2010, the bankruptcy court granted Palmetto Debt's motion and dismissed the bankruptcy petition, finding that "'consent' and 'fails to object' are simply not synonymous." June 17, 2010 Bankr. Ct. Order, at 7. On June 30, 2010, CPA moved to alter or amend the bankruptcy court's June 17 order. The bankruptcy court heard argument on that motion on July 12, 2010. The bankruptcy court denied the motion, and CPA moved for a stay pending appeal, which the bankruptcy court also denied. CPA has now asked this court to stay the dismissal of the bankruptcy petition pending appeal.

## II.  DISCUSSION

Federal Rule of Bankruptcy Procedure 8005 provides,

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . .  A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

Fed. R. Bankr. P. 8005.  Some courts have interpreted this rule to mean that a stay pending appeal is generally a question for the bankruptcy judge whose decision is then reviewed for abuse of discretion.  In re Lang, 414 F.3d 1191, 1201-02 (10th Cir. 2005); In re North Plaza, LLC, 395 B.R. 113, 118 (S.D. Cal. 2008); In re Forest Oaks, LLC, 2010 WL 1904340, at *2 (S.D. Ala. May 10, 2010); Blocker v. Wyatt, 2009 WL 2340700 (S.D. Ga. July 27, 2009).  Upon review of the record as it currently stands, it is evident that the bankruptcy court did not abuse its discretion in denying the motion to stay.[2]  Moreover, even considering the issue de novo, the court still denies the motion.

In determining whether a stay under Rule 8005 is justified, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;

---

[2] The bankruptcy court found that CPA has shown irreparable injury, but that it has failed to show a likelihood of success on the merits.  As discussed in this order, the court disagrees with the bankruptcy court's irreparable injury finding.  Nevertheless, the bankruptcy court did not abuse its discretion in denying the motion to stay.

and (4) where the public interest lies." Willcox v. Stroup, 358 B.R. 835, 837-38 (D.S.C. 2006) (citation omitted); see Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997). Failure to satisfy any of the four factors is sufficient grounds to deny the requested stay.[3] In re Adelphia Commc'ns Corp., 333 B.R. 649, 659 (S.D.N.Y. 2005).

CPA's motion must be denied because it cannot meet either of the first two prongs of the four-part test. Regarding the first prong, CPA's likelihood of success on the merits centers on the issue of whether MDC consented to the bankruptcy as required by CPA's operating agreement. Mr. Grigg's e-mail shows a choice being given to MDC: *either* consent *or* do not object. MDC chose the latter option and agreed not to object to the bankruptcy filing. Paragraph six of the mutual release does not say otherwise:

> Pursuant to the terms of the Operating agreement, certain actions of CPA, including filing a petition in bankruptcy, require the joint consent of MDC and Republic. MDC has agreed that it will not object to such filing or otherwise contest the validity of such filing. This Agreement sets forth the terms and conditions under which the parties have agreed to the foregoing.

Mutual Release ¶ 6. Though the first sentence of this paragraph contains the words "joint

---

[3] The court notes that the bankruptcy court relied on the standard for preliminary injunctive relief from Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), which is still cited as the standard for motions to stay pending appeal. Blackwelder was abrogated by Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009), a case in which the Fourth Circuit explained the impact of Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, 129 S. Ct. 365 (2008). In Winter, the Supreme Court clarified what a party must show to get preliminary injunctive relief: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 129 S. Ct. at 374. Although the court has not found a case that explicitly applies Winter in the motion to stay context, the court has analyzed CPA's motion under both standards and the result under either is the same–the motion to stay must be denied.

4

consent," it only does so in reference to what the operating agreement provides. The very next sentence confirms that MDC agreed not to object to the filing, not that MDC consented to the filing. In short, it appears to the court that the bankruptcy judge got it right–"not objecting" does not equal "consent."

Regarding the second prong, CPA has not shown that it will be irreparably injured absent the stay. CPA claims irreparable harm will flow from the impending foreclosure sale, and resulting loss of the property, if the stay is not granted. At the end of the day, what CPA wants is for the bankruptcy to allow it to keep the property and hope for a buyer who will pay a higher price than CPA anticipates at a foreclosure sale. What this underscores is that CPA's potential harm is most definitely grounded in dollars and cents, and "[h]arm is not considered irreparable if it can be compensated by money damages during the normal course of litigation." Hughes Network Sys., Inc. v. Interdigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994); see Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc., 984 F.2d 113, 120 (4th Cir. 1993) (upholding a district court finding that "expenses incurred in relocation, injury to reputation, loss of profits" and other "highly speculative and largely economic injuries" were not irreparable harm); Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1507 (D.C. Cir. 1995) ("[I]n the absence of special circumstances, . . . recoverable economic losses are not considered irreparable."). To the extent CPA asserts irreparable injury in that failure to stay the dismissal renders the appeal before this court moot, the court notes that CPA is likely to be in the same position regardless of whether the appeal is successful, namely that CPA's injury is economic. Regardless of whether the property is foreclosed upon or disposed of

during bankruptcy, the property is destined to be sold; the only questions are to what buyer and at what price. In any case, CPA's right to develop this "unique piece of property" will end with the sale of Carolina Park.

### III. CONCLUSION

For the foregoing reasons, CPA's motion for a stay pending appeal is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 12, 2010**
**Charleston, South Carolina**