IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Republic-Charleston, LLC, | ) |
|                    Plaintiff, | ) Civil No. 2:10-CV-1689-DCN |
| vs. | ) **ORDER AND OPINION** |
| MDC of Charleston, Benedict T. Marino, and John Chalsty, | ) |
|                    Defendants. | ) |

      This matter is before the court on plaintiff's motion to voluntarily dismiss its case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff wishes to dismiss its case because both causes of action contained therein have allegedly been mooted by the July 13, 2010 foreclosure sale of land owned by Carolina Park Associates ("CPA"). Defendants oppose a dismissal without prejudice, arguing that they will suffer legal prejudice if plaintiff's motion is granted. In the alternative, if the court grants plaintiff's motion, defendants request that the court condition the dismissal on plaintiff's compliance with defendants' subpoenas. For the reasons set forth below, the court grants plaintiff's motion with the condition that plaintiff be precluded from re-filing declaratory judgment and injunctive relief causes of action in this court at a later date.

## I. BACKGROUND

      On June 30, 2010, plaintiff filed a complaint in this court, seeking (1) a declaratory judgment that defendant consented to, or waived its right to object to, plaintiff's filing of a bankruptcy petition on behalf of CPA, and (2) injunctive relief in the

1

form of a court order directing defendant MDC of Charleston ("MDC") to take whatever steps necessary to authorize the filing of a bankruptcy petition on behalf of CPA. Plaintiff states that its "sole purpose in initiating this action was to be able to take CPA through the Chapter 11 bankruptcy process after stopping the foreclosure sale of CPA's primary asset, the CPA land, scheduled for July 13, 2010." Mot. Dismiss 1. Plaintiff was ultimately unsuccessful in its efforts to file the bankruptcy petition, and CPA's land was sold on July 13, 2010.

On October 4, 2010, plaintiff filed the instant motion, requesting that the court grant a voluntary dismissal without prejudice pursuant to Rule 41(a)(2). Plaintiff claims that both of its causes of action are now moot because CPA's primary asset has been sold and it can no longer obtain the relief sought in its complaint. Plaintiff and another party have filed an action in state court against defendants and other parties. Plaintiff asserts that the pending state litigation "does not state the same claims as are pending in this action and involves additional parties other than the current plaintiff and defendants." Mot. Dismiss 4. Plaintiff argues that defendants will not suffer any legal prejudice if the court grants its motion.

On October 21, 2010, defendants filed a response in opposition. Defendants argue that plaintiff's case should not be dismissed without prejudice because plaintiff's state case is based on the same alleged breaches of the mutual release provisions argued in its federal declaratory judgment cause of action. Defendants claim that plaintiff is simply trying to re-file its declaratory judgment cause of action in state court. Defendants also argue that plaintiff's federal claims have not been mooted by the foreclosure sale of

CPA's land because plaintiff has claimed rights to the land in the pending state case by filing a lis pendens and asserting a constructive trust claim. Defendants request that the court dismiss plaintiff's case with prejudice to prevent plaintiff from avoiding an adverse ruling on its declaratory judgment cause of action, which may preclude any such claims in state court.

In the alternative, if the court decides to grant plaintiff's motion, defendants ask that the court condition a dismissal without prejudice on the requirement that plaintiff's principals respond to subpoenas issued by defendants to eliminate prejudice to defendants. Defendants state that the documents requested in their subpoenas relate to the declaratory judgment cause of action and "are also relevant to many of the claims asserted in state court." Resp. Opp'n 5. The recipients of the subpoenas are plaintiff's principals who live outside the State of South Carolina, and defendants express the concern that "dismissal eliminates the Defendants' right to invoke the federal rules to obtain the same categories of records from the out-of-state principals," particularly "compulsory process on its principals for production of records relevant to the federal and state actions." Id. at 6. Defendants assert that these out-of-state principals "are not subject to the subpoenas of a South Carolina state court," and "dismissal of this action prejudices the Defendants by eliminating the means to compel the production of these records, which are identical to the records already subpoenaed by Plaintiff in its state court action from over twenty South Carolina law firms, lawyers, persons, and entities." Id. at 5-6.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) governs the dispute now before the court. It states,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986); Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890, 895 (4th Cir. 1972)).

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.

Davis, 819 F.2d at 1273 (internal citations omitted).

> It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit. . . . Indeed, in cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court.

Id. at 1274-75 (internal citations omitted). The Fourth Circuit has expressed the general

rule that "a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant." Gross v. Spies, Nos. 96-2146, 96-2203, 96-2150, 96-2149, 96-2147, 96-2204, 1998 WL 8006, at *5 (4th Cir. January 13, 1998) (citations omitted).

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case.

Id. (internal citations omitted). "While Davis does indeed direct district courts to 'focus primarily' on the interests of defendants, [Davis, 819 F.2d at 1273], it never suggests limiting 41(a)(2) to exclude all other considerations—among them, preventing plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action." Go Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007) (citing RMD Concessions, L.L.C. v. Westfield Corp., Inc., 194 F.R.D. 241, 243 (E.D. Va. 2000)).

Plaintiff claims that the July 13, 2010 foreclosure sale of CPA's land, it's primary asset, mooted both of plaintiff's federal claims. Plaintiff claims that the pending state court case does not state the same claims as its federal complaint and involves parties in addition to the current plaintiff and defendants. As a result, plaintiff argues that defendants will not suffer any legal prejudice if the court grants plaintiff's motion to dismiss without prejudice.

Defendants argue that they will suffer legal prejudice if plaintiff's motion is granted because plaintiff's pending state claims are based on the "same alleged breaches of the mutual release provisions" on which plaintiff's declaratory judgment cause of action is based. Resp. Opp'n 2. Defendants state, "Now, Republic seeks to avoid the likely determination of this Court, in Republic's declaratory judgment action, that MDC did not consent to CPA's bankruptcy filing, by having the Court dismiss its suit without prejudice." Id. at 4. In other words, following plaintiff's unsuccessful attempts to file a bankruptcy petition on behalf of CPA and appeal the bankruptcy court's denial of the petition, it is likely that this court will also rule against plaintiff in its declaratory judgment action. Defendants assert that plaintiff's filing of a lis pendens and a constructive trust claim in the pending state case contradicts plaintiff's position that the foreclosure sale of CPA's land mooted plaintiff's federal causes of action, and serves as additional evidence that plaintiff is merely trying to "wip[e] out all prior unfavorable rulings against them . . . ." Id. If they are successful in defending the declaratory judgment action, defendants admit they will attempt to use this court's determination to prevent plaintiff from bringing the same claim in state court.

In the alternative, if the court grants plaintiff's motion, defendants ask that the court use its discretion under Rule 41(a)(2) to condition a dismissal without prejudice on plaintiff's compliance with subpoenas directed at plaintiff's out-of-state principals. Defendants attached copies of several e-mail messages to their response in opposition. Resp. Opp'n, Exs. A-B. The messages are communications between plaintiff's and defendants' attorneys, and initially, it appears that there was some confusion regarding

6

whether: (1) the subpoenas had been served, (2) the number of documents requested was unreasonable, and (3) defendants already had possession of the documents they needed. In a series of messages on October 4, 2010, the same date plaintiff filed the instant motion, the parties realized that the subpoenas had not been served on plaintiff's principals, and defendants' counsel requested an alternative address, if any, to use in serving the subpoenas. Defendants also informed plaintiff that they would consent to plaintiff's motion if the individuals subpoenaed would produce the requested documents.

The court finds it appropriate to grant plaintiff's motion for a voluntary dismissal without prejudice with the condition that plaintiff be precluded from refiling its declaratory judgment and injunctive relief claims in this court at a later date. This serves Rule 41(a)(2)'s purpose of "freely" allowing voluntary dismissals while obviating any prejudice to defendants. Davis, 819 F.2d at 1273. The parties provided limited information in their briefs and during oral argument regarding the specifics of plaintiff's state claims and the type and scope of documents requested in defendants' subpoenas, and defendants fail to show that they will suffer plain legal prejudice if plaintiff's federal claims are dismissed, subject to the condition above, for the following reasons. First, this court has not yet considered or ruled on plaintiff's declaratory judgment cause of action. Even though plaintiff has not fared well in its legal efforts to date, there is no slate for the plaintiff to wipe clean and then pursue again in state court,[1] and there is no plain legal

---

[1] Unlike the instant case, the cases cited by defendants in support of their argument that plaintiff will merely relitigate its federal claims in state court involve a prior adjudication by the respective courts. See Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin., 833 F.2d 1545, 1549-50 (11th Cir. 1987) (plaintiff could not voluntarily dismiss its case after it had been remanded by the Eleventh Circuit for further proceedings); Webb v. Altec

prejudice in "the prospect of a second lawsuit." Davis, 819 F.2d at 1274. Second, it is not clear that plaintiff's state claims are so related to its declaratory judgment action that this court's decision in the declaratory judgment action would preclude plaintiff's state claims. Third, the factors articulated in Gross weigh in plaintiff's favor. The pending federal case is still fairly new, and there appears to be no indication that defendants have suffered great expense in preparing for trial, with the possible exception of some limited discovery expense. There is no evidence of excessive delay or lack of diligence on the part of plaintiff, and plaintiff's explanation for the requested dismissal is sufficient. And, finally, while it may cost defendants some additional time and expense, their inability to use the federal rules to conduct discovery does not appear to result in plain legal prejudice. Defendants have not raised any arguments or cited any case law indicating that they will be prevented from serving their subpoenas again pursuant to the South Carolina Rules of Civil Procedure and South Carolina Code of Laws §§ 15-9-15 through 15-9-750.

### III.  CONCLUSION

For the reasons above, the court **GRANTS** plaintiff's motion with the condition that plaintiff be precluded from re-filing declaratory judgment and injunctive relief causes of action in this court at a later date.

**AND IT IS SO ORDERED**.

---

Indus., Inc., No. 93-C-5288, 1994 WL 162815, at *2 (N.D. Ill. Apr. 25, 1994) (plaintiff could not obtain a voluntarily dismissal after the court made an unfavorable discovery ruling barring the testimony of three physicians).

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 27, 2011**
**Charleston, South Carolina**